60 F.3d 824
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Richard Edward PEARSON, Plaintiff-Appellant,
v.
B.N. NEWCOMB, Defendant-Appellee.
 No. 94-7059.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 13, 1995.
 
 Sa'ad El-Amin, Beverly D. Crawford, El-Amin & Crawford, P.C., Richmond, VA, for appellant. Archer L. Yeatts, III, Steven S. Biss, Maloney, Yeatts & Barr, Richmond, VA, for appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Richard Edward Pearson, appeals the district court's order granting Defendant's summary judgment motion in this malicious prosecution action.*
 
 
 2
 The material facts are undisputed. Defendant Newcomb, a Town of Lawrenceville police officer, stopped Pearson's truck because it was not displaying a county decal in violation of Va.Code Ann. Sec. 46.2-752(G) (1994 Replacement Vol.). Pearson claimed to have possession of a decal but was unable to locate it. The parties, who had a history of conflict, exchanged words and Pearson left the scene without a summons. Based upon the history of animosity between the parties and a tape recording that Defendant Newcomb made of his vehicle stop, the town attorney determined to seek an arrest warrant in lieu of having Newcomb confront Pearson with a summons. Pearson was arrested at his place of business and detained for forty-five minutes.
 
 
 3
 Because it is undisputed that Pearson failed to display his local decal, Newcomb clearly had probable cause to stop Pearson. The statute authorizing local ordinances on this subject provides that "[I]t shall be unlawful for any owner or operator of a motor vehicle, trailer, or semitrailer to fail to obtain and display the local license.... The ordinance ... shall constitute a misdemeanor." Va.Code Ann. Sec. 46.2-752(G). In addition, Virginia law authorizes issuance of an arrest warrant for any criminal offense upon probable cause. Va.Code Ann. Sec. 19.2-72 (1994 Cum.Supp.).
 
 
 4
 Pearson's appeal fails for two reasons. First, government officials are immune from damages unless their conduct violates clearly established rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); American Civil Liberties Union, Inc. v. Wicomico County, 999 F.2d 780, 784 (4th Cir.1993). Pearson has shown no right to be free from a legal stop, arrest,
 
 
 5
 and prosecution. Second, in any event, Pearson's claims fail on the merits. An arrest made with probable cause fails to violate the Fourth Amendment. United States v. Watson, 423 U.S. 411, 418 (1976). Lack of probable cause is an element of the state claim for malicious prosecution. Pallas v. Zaharopoulos, 250 S.E.2d 357, 359 (Va.1979). A person cannot be falsely imprisoned pursuant to a lawful arrest. Yeatts v. Minton, 177 S.E.2d 646, 649 (Va.1970). And, the facts reveal no negligence on behalf of Newcomb.
 
 
 6
 The district court's order granting Defendant's motion for summary judgment is, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pearson alleges claims under 42 U.S.C. Sec. 1983 (1988), false imprisonment, malicious prosecution, and willful and wanton negligence based upon his arrest and subsequent prosecution